**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| **DESIGN MART, LLC,** | ) | |
| | ) | **Civil Action File No.** |
| **Plaintiff,** | ) | |
| | ) | _____ |
| **v.** | ) | |
| | ) | |
| **A. MATALUCCI & SON MEMORIAL** | ) | |
| **ARTISANS, LLC,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT, DAMAGES,**
**AND INJUNCTIVE RELIEF**

COMES NOW Plaintiff Design Mart, LLC ("Design Mart" or "Plaintiff") and, for its

Complaint for Copyright Infringement, Damages, and Injunctive Relief against Defendant A.

Matalucci & Son Memorial Artisans, LLC ("Matalucci" or "Defendant"), shows as follows:

**NATURE OF THE ACTION**

1.

This is a civil action for copyright infringement under the Copyright Act of 1976, as

amended, 17 U.S.C. §§ 101, *et seq.* (the "Copyright Act").

**THE PARTIES, JURISDICTION, AND VENUE**

2.

Design Mart is a Georgia corporation with its principal place of business at 132 College

Avenue, Elberton, Elbert County, Georgia, 30635.

3.

Upon information and belief, Matalucci is a New Jersey Corporation with its principal place of business 905 Route 47, South Dennis, New Jersey 08245.

4.

Upon information and belief, Matalucci may be served with summons and process by service upon its registered agent, Zeth Matalucci, at 1066 Route 83, P.O. Box 234, South Dennis, New Jersey 08245.

5.

Original jurisdiction of the court is invoked under 28 U.S.C. § 1331 and §1338(a) as this action presents a federal question and arises under an Act of Congress related to copyrights, namely the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*

6.

This court has personal jurisdiction over Defendant because (i) Defendant specifically initiated contact, and contracted, with Design Mart, which is a resident of Georgia, and has been a resident of Georgia for the entire time in which Defendant utilized its copyrighted works, (ii) Defendant utilized a license for copyrighted works that were created and developed by Design Mart within the State of Georgia, (iii) Defendant utilized those copyrighted works for over eleven years, renewed the license with Design Mart, and communicated with Design Mart in Georgia numerous times during that time period, and (iv) the injury to Design Mart by Defendant's unauthorized and unlicensed use of its copyrighted works accrued in Georgia, the state of Design Mart's residence. *See Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008) (injury from trademark infringement occurs where the holder of the mark resides); *Geodetic Servs. v. Zhenghzou Sunward Tech. Co.*, Case No: 8:13-cv-1595-T-35TBM, 2014 WL 12620804 (M.D. Fla.

Apr. 4, 2014) (applying *Licciardello* to a copyright infringement case).  Accordingly, Defendant is subject to personal jurisdiction in Georgia under O.C.G.A. §  § 9-10-91(1), (2) & (3) because it (i) transacts business in Georgia, (ii) committed a tortious act in Georgia, and/or (iii) committed a tortious injury outside Georgia that resulted in an injury in Georgia and regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in Georgia. The Court further has personal jurisdiction over Defendant because, based on the allegations stated above, sufficient minimum contacts exist between Defendant and Georgia and maintenance of this action against Defendant in this forum does not offend traditional notions of fair play and substantial justice.

7.

Venue is proper in this District under 28 U.S.C. § 1391 (b)(2) and (c)(2)  because this court has personal jurisdiction over Defendant in this District and a substantial part of the events or acts giving rise to the claims occurred in this District in that Defendant has transacted business in this District and has committed acts of copyright infringement in this District and has infringed copyrights held by Plaintiff in this District.

**FACTUAL ALLEGATIONS**

***The Monument Designer and Catalog***

8.

Design Mart is a Georgia corporation which, among other things, creates copyrighted designs and stencils for gravestones and monuments.  Design Mart also offers an online design program via which its clients may utilize Design Mart's copyrighted designs to customize gravestones and monuments for end users.  Design Mart refers to the product that aggregates its

offerings, concepts, drawings, renderings, and programs as the "Monument Designer and Catalog." The Monument Designer and Catalog contains designs and images authored, copyrighted, and owned by Design Mart (collectively, the "Design Mart Images") as well as derivative works of the Design Mart Images such as brochures, catalogs, software, etc.  Notably, renderings, brochures and catalogs of the Design Mart Images contained in the Monument Designer and Catalog feature copyright management information, a representative example of which, taken from Defendant's website on or about October 19, 2020, is attached hereto as Exhibit 1 and incorporated by reference herein.  Design Mart offers the Monument Designer and Catalog for licensing at its office in Elberton, Georgia, and via its website, designmart.com.

9.

From around 2009 up through March, 2020, Design Mart licensed to Matalucci its Online Designer and Catalog pursuant to an End User License Agreement (the "Licensing Agreement"). Pursuant to the Licensing Agreement, Design Mart licensed Matalucci to:

(a)     Subscribe/join to and to use Design Mart's Monument Designer & Catalog;

(b)     Access Design Mart's Monument Designer as long as a subscription/membership is active;

(c)     Access Design Mart's Catalog as long as a subscription/membership is active; and

(d)     Print, email, mail, or fax monument concepts created with Design Mart's Monument Designer & Catalog for the purpose of giving or presenting them to families who are making a decision on a monument or to a manufacturer who will be processing the monument.

A true and correct copy of the Licensing Agreement is attached hereto as Exhibit 2 and incorporated herein by reference.

10.

Pursuant to the Licensing Agreement, Matalucci obtained no ownership of the Online Designer and Catalog, nor to any components or derivative works associated therewith. Rather, the Online Designer and Catalog, as well as all components and derivative works, remained the sole property of Design Mart. As provided therein, "Users/subscribers/members have no title to the copyrighted intellectual property [included in] Design Mart's Online Catalog & Monument Designer … All ownership remains with Design Mart, LLC."

11.

The Licensing Agreement provides that "[m]onuments and components included in Design Mart's Online Monument Designer & Catalog may not be redistributed, printed in brochures or featured on web sites or provided to others via any other printed or electronic media." It further provides that its copyrighted intellectual property "may not be resold or repackaged for release or distribution as a whole or in parts" and that "Users/subscribers/members may not reverse engineer, copy, decompile, or disassemble" any part of the Monument Designer and Catalog, including any derivative works.

12.

In or around March, 2020, Matalucci notified Design Mart that it wished to cancel its subscription to the Monument Designer and Catalog. Design Mart promptly canceled Matalucci's subscription to the Monument Designer and Catalog and refunded its payment for March 9, 2020. A true and correct copy of Design Mart's email correspondence with Matalucci regarding cancellation of the subscription and payment refund is attached hereto as Exhibit 3 and incorporated by reference herein.

### *Matalucci's Infringement*

13.

Despite the fact that it canceled its subscription, without Design Mart's license or permission, in violation of the Licensing Agreement for access to the Monument Designer and Catalog, and with a reckless disregard for Plaintiff's rights in the Design Mart Images, Matalucci willfully and purposefully continued to utilize some or all of the Design Mart Images specifically, and the Monument Designer and Catalog generally, after March, 2020, in furtherance of its ongoing effort to produce and sell monuments.

14.

Matalucci has copied the original constituent elements of multiple of the Design Mart Images and continues to offer those for sale and use via its physical office and its website, http://amatalucci.com.  A true and correct copy of screenshots taken from Defendant's website on or about October 19, 2020 featuring the Design Mart Images is attached hereto as Exhibit 4 and incorporated by reference herein.

15.

The Matalucci designs copy the constituent elements of the Design Mart Images as copyrighted by Design Mart, including those protected by the following copyright registrations:

[ 1 ] VA0000354921 1988 – Design Mart Child art : memorials for youth "our most beloved possession."

[ 2 ] VA0000435317 1990 – Design Mart Closer walk : a memorial design presentation : ser. D947-996.

[ 3 ] VA0000354922 1988 – Design Mart Cremation : a memorial design presentation.

[ 4 ] VA0001817025 1996 – Design Mart D-Mart Disks III-Classic Components.

[ 5 ] VA0000669066 1994 – Design Mart Design Mart disks : vol. 1 : four disk set, 92 components for creating full-size details of virtually any D-Mart design.

[ 6 ] VA0000354926 1988 – Design Mart Tributes of love : a memorial design presentation : series D97-1047.

[ 7 ] VA0000354928 1988 – Design Mart Forever in memory : set of designs.

[ 8 ] VA0000354929 1988 – Design Mart Forever in memory.

[ 9 ] VA0000455523 1991 – Design Mart [Design Mart Monumental design nos. D1157-D1172].

[ 10 ] VA0000650406 1994 – Design Mart [Design Mart monumental design] : no. D-mart 1218--D-mart 1231.

[ 11 ] VA0000701330 1995 – Design Mart Design Mart monumental design : no. D1232-D1250.

[ 12 ] VA0000780441 1996 – Design Mart [Design Mart monumental design] : no. 1251-1263.

[ 13 ] VA0000814847 1996 – Design Mart [Design Mart monumental design] : no. D1264-D1270, D1273-D1277.

[ 14 ] VA0000850920 1998 – Design Mart Design Mart monumental design : no. D1278-1289.

[ 15 ] VA0000922532 1998 – Design Mart [Design Mart monumental design no. D1290-1305].

[ 16 ] VA0001071840 2000 – Design Mart, LLC Design mart monumental design : no. D1318-1340.

[ 17 ] VA0000457608 1991 – Design Mart Design Mart Monumental designs nos. D904-D914 in card form.

[ 18 ] VA0000463442 1991 – Design Mart [Design Mart Monumental design nos. D915-D925].

[ 19 ] VA0000463227 1991 – Design Mart [Design Mart monumental design : no.] D926-D938.

[ 20 ] VA0000463228 1991 – Design Mart [Design Mart monumental design : no.] D939-D946.

[ 21 ] VA0000415859 1990 – Design Mart [Design Mart monumental design : nos. D867-D879].

[ 22 ] VA0000432745 1990 – Design Mart [Design Mart monumental design : nos. D880-D892].

[ 23 ] VA0000432746 1990 – Design Mart [Design Mart monumental design : nos. D893-D903].

[ 24 ] VA0000432041 1990 – Design Mart. Eternal life : a memorial design presentation : ser. D821-866.

[ 25 ] VA0000979818 1999 – Design Mart First impressions : ser. D7001-7155.

[ 26 ] VA0000354927 1988 – Design Mart Granite-bronze : a memorial design presentation.

[ 27 ] VA0000460199 1991 – Design Mart In remembrance memorial designs.

[ 28 ] VA0000699617 1995 – Design Mart Life everlasting : no. D136-D201.

[ 29 ] VA0000742180 1995 – Design Mart Memories etched in stone : a memorial design presentation : ser. D80-D134.

[ 30 ] VA0000638641 1994 – Design Mart Memories etched in stone : no. 101-135.

[ 31 ] VA0001817022 2003 – Design Mart Monument Clip Art-Miscellaneous Artwork.

[ 32 ] VA0000414654 1990 – Design Mart Reflections of life : [no.] D648-D684.

[ 33 ] VA0000354924 1988 – Design Mart Shrine of memory.

[ 34 ] VA0000354920 1988 – Design Mart Thy victory thy promise : a memorial marker presentation.

[ 35 ] VA0000354925 1988 – Design Mart "While we live" select your personalized family memorial pre-need.

[ 36 ] VA0000402010 1989 – Design Mart Your pet : [no.] D8037P-D8086P, D1PM-D32PM.

[ 37 ] VA0001186306 2002 – Design Mart, LLC Journeys remembered : a memorial marker presentation : ser. D201-D276.

[ 38 ] VA0001150607 2001 – Design Mart, LLC Legacies in stone.

[ 39 ] VAu000981365 2009 – Design Mart, LLC Loving Memories D1465-D1529.

[ 40 ] VA0001216825 2003 – Design Mart, LLC Seasons cherished : a monument design presentation : ser. D1335-D1405.

[ 41 ] VA0001407032 2006 – Design Mart, LLC We remember.

[ 42 ] VA0001408395 2007 – Design Mart, LLC We remember : D1406-D1464.

[ 43 ] VA0000391777 1990 – Design Mart D-mart : [no.] 1143-1156.

[ 44 ] VA0000526422 1992 – Design Mart Design Mart monument designs : no. D1191-D1202.

[ 45 ] VA0000352933 1988 – Design Mart [Design Mart monumental design : no.] D-Mart 1119-1131.

[ 46 ] VA0000568455 1993 – Design Mart Design Mart monumental design : no. D1203-D1217.

[ 47 ] VA0001033110 1999 – Design Mart [Design Mart monumental design] : no. D1306-D1317.

[ 48 ] VA0000366876 1989 – Design Mart Design Mart Monumental design : nos. 1132-1142.

[ 49 ] VA0000470768 1991 – Design Mart Design Mart monumental designs : no. D1157-D1171.

[ 50 ] VA0000475578 1991 – Design Mart Dmart : no. 1173-1190.

[ 51 ] VA0000354923 1988 – Design Mart Memorial designs.

[ 52 ] VA0002000242 2015 – Design Mart Monument Clip Art-Miscellaneous Artwork 2.

[ 53 ] VA0000354930 1988 – Design Mart New designs : [no.] 1092-1118.

True and correct copies of the copyright registrations for these works are attached hereto collectively as Exhibits 5 and 6 and incorporated by reference herein.

16.

When it came to Design Mart's attention that Matalucci was reproducing and offering for sale and use the Design Mart Images, counsel for Design Mart, prior to the filing of this Complaint, notified Matalucci of its infringing use and misappropriation of the Design Mart Images and

demanded that Matalucci immediately desist and discontinue production, sale, copying, modifying and advertising of same. A copy of counsel's first cease and desist letter sent to Defendant is attached hereto as Exhibit 7 and incorporated by reference herein.

17.

Matalucci failed to respond in any way to counsel's first cease and desist letter. Subsequently, and still prior to filing of this Complaint, counsel sent a second cease and desist letter with a renewed demand, a copy of which is attached hereto as Exhibit 8 and incorporated by reference herein. Matalucci also failed to respond in any way to counsel's second cease and desist letter and, on information and belief, still offers for sale and use infringing copies of the Design Mart Images at its physical location and via its website.

18.

By this action, Design Mart seeks injunctive relief to stop Defendant's illegal infringement and to recover the damages Design Mart has sustained due to Defendant's unlawful infringing activities.

**COUNT ONE**

**Copyright Infringement Pursuant to 17 U.S.C. §§ 106 and 501**

19.

Plaintiff incorporates the above paragraphs as if fully restated herein.

20.

The Design Mart Images are original works which constitute protectable work under the Copyright Act.

21.

Design Mart is the exclusive owner and copyright holder of the Monument Designer and Catalog and the Design Mart Images, including those identified above.

22.

The issuance of the copyright registrations for the Design Mart Images constitutes *prima facie* evidence of the validity of Design Mart's copyright in the Design Mart Images and of the facts stated in the copyright registration certificates pursuant to 17 U.S.C. § 410.

23.

In violation of 17 U.S.C. § 101 *et seq*, Defendant has infringed on Design Mart's copyright by copying the original components of the Design Mart Images, representing them as Defendant's original creation, creating derivative works of the Design Mart Images, and offering them for sale or use.  Such copying violates not only the Copyright Right but also the Licensing Agreement.

24.

Through its subscription to the Monument Designer and Catalog, Defendant had actual access to the Design Mart Images and reasonable opportunity to copy, derivate and use same.

25.

Defendant's copied images are substantially similar to, if not exact copies of, the Design Mart Images because an ordinary observer would conclude that Defendant unlawfully took protectable material of substance and value from the Design Mart Images in creating its own copied images.

26.

Design Mart is entitled to a rebuttable presumption of copying because Defendant was formerly a licensee of the Monument Designer and Catalog and Defendant's copied images are

identical and, thus, so strikingly similar to the Design Mart Images that a reasonable person would assume that Defendant copied the Design Mart Images and that there is no possibility of independent creation, coincidence, or prior common source.

27.

After it canceled its subscription to the Monument Designer and Catalog, Defendant did not and does not have any license, authorization, permission, or consent to reproduce, sell, use, or distribute the Design Mart Images.

28.

Defendant has directly infringed Design Mart's copyright in and relating to the Design Mart Images by reproducing the copyrighted works and distributing the copyrighted works to the public on an unlimited and unrestricted basis without license or permission in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

29.

Defendant's acts of infringement were and are willful, intentional, and purposeful, in disregard of, and with indifference to, Design Mart's rights.

30.

As a result of Defendant's wrongful conduct, Design Mart is entitled to recover from Defendant the damages it has sustained, and will sustain, and any gains, profits, and advantages obtained by Defendant as a result of Defendant's willful acts of infringement alleged in this Complaint, as well as attorneys' fees, and including but not limited to such damages and awards as are available under 17 U.S.C. §§ 504-505.

31.

As a result of Defendant's wrongful conduct, Design Mart has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by this court, Defendant has no future legal impediment to infringing Design Mart's rights in their copyrighted work. Accordingly, Design Mart is entitled to preliminary and permanent injunctive relief.

32.

Based on Defendant's blatant disregard of Design Mart's cease and desist letters, Defendant's refusal to acknowledge the damage caused by its copyright infringement, and Defendant's continued infringement of the Design Mart Images, Design Mart has been and will continue to be damaged by Defendant's infringement in an amount to be proved at trial.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Design Mart hereby demands a jury trial on all issues, claims, and demands so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, having fully stated its Complaint for Copyright Infringement, Damages, and Injunctive Relief, Design Mart respectfully prays that the Court grant the following relief:

a)      Judgment in favor of Design Mart, and against Defendant, on all counts of Design Mart's Complaint;

b)      An order enjoining Defendant and Defendant's officers, agents, employees, and those acting in concert or conspiracy with it, preliminarily and permanently from infringing on the Design Mart Images;

c)      An order requiring Defendant to permanently modify its website, databases and executable code storage mediums to completely remove its infringing and copied and/or derivative images of the Design Mart Images, including an order to impound and ultimately destroy, on such terms as the court may deem reasonable, any records or material or device or product involved in Defendant's copyright infringement and in the custody or control of Defendant;

d)      An award of all damages and losses, the exact sum to be proven at the time of trial, as available under the Copyright Act;

e)      An award of all of Defendant's profits attributable to the infringement of the Design Mart Images;

f)      An award of pre-judgment interest as permitted by applicable law;

g)      An award of attorneys' fees and expenses incurred in connection with this action; and

h)      Any other remedy to which Design Mart is entitled under applicable law as determined by this Court.

Respectfully submitted this 9th day of February, 2021.


                                         BLAINE A. NORRIS, PC


                                         */s/ John R. Autry*
                                         BLAINE A. NORRIS
                                         Ga. Bar No. 545832
                                         JOHN R. AUTRY
                                         Ga. Bar No. 029029
                                         Attorneys for Plaintiff

1143 Prince Avenue
Athens, Georgia 30606
(706) 850-9400
(706) 850-9405 fax
blaine@NorrisInjuryLaw.com
john@NorrisInjuryLaw.com


                                         SMITH TEMPEL BLAHA LLC


                                         */s/ Matthew T. Hoots*
                                         MATTHEW T. HOOTS
                                         Ga. Bar No. 101080
                                         Attorneys for Plaintiff

1055 Prince Avenue
Athens, Georgia 30606
(706) 621-5773
mhoots@srtslaw.com