IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| DESIGN MART, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | No. 3:21-CV-22 (CAR) |
| | : | |
| A MATALUCCI & SON MEMORIAL | : | |
| ARTISANS, LLC, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Currently before the Court is Plaintiff Design Mart, LLC's ("Design Mart") Motion for Default Judgment. For the reasons discussed herein, Design Mart's Motion [Doc. 15] is **GRANTED.** Design Mart is awarded statutory damages in the amount of $53,000.00 pursuant to 17 U.S.C. § 504(c), $4,500.00 in attorney's fees, and $435.84 in costs. Defendant A. Matalucci & Son Memorial Artisans, LLC ("Matalucci") is **PERMANENTLY ENJOINED** from further infringing on, using, and publishing any of Design Mart's images.

### BACKGROUND

On March 10, 2021, Design Mart, LLC filed a complaint against Matalucci seeking damages for 53 counts of copyright infringement, a permanent injunction, and

1

attorney's fees.[1] Zeth Matalucci, acting on behalf of Matalucci, filed a *pro se* Answer to Design Mart's Complaint.[2] Because an LLC is an artificial entity that cannot appear *pro se* and must be represented by counsel, the Court struck Matalucci's Answer. In its Order, the Court ordered Matalucci to obtain an attorney to represent its interests and to file an answer within 30 days of the date of the order.[3] Matalucci failed to do both.

After Design Mart obtained an entry of default from the Clerk of Court, Design Mart filed the Motion for Default Judgment currently before the Court seeking $53,000.00 in damages, attorney's fees, costs, and a permanent injunction.[4] In support of the Motion, Design Mart attached affidavits from their attorney, John Autry, Design Mart owner Michael J. Fernandez,[5] and submitted a bill of costs.[6]

## LEGAL STANDARD

Default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . and that fact is made to appear by affidavit or otherwise."[7]  Prior to obtaining a default judgment, the

---

[1] Plaintiff's Complaint, [Doc. 1].

[2] Defendant's Answer, [Doc. 7].

[3] *See generally*, Court's Order Striking Defendant's Answer, [Doc. 8] (citing *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985); *Souffrant v. Denhil Oil, LLC*, No. 10-80246-CIV, 2010 WL 1541192, at *1 (S.D. Fla. Apr. 16, 2010) ("The proposition that a corporation must be represented by an attorney also applies to limited liability companies.")).

[4] Plaintiff's Motion for Default Judgment. [Doc. 15]

[5] *Id*. at [Docs. 15-1, 15-2, 15-3, and 15-4].

[6] Plaintiff's Bill of Costs, [Doc. 17].

[7] Fed. R. Civ. P. 55(a).

party seeking judgment must first obtain an entry of default from the Clerk of Court.[8] Plaintiff has satisfied this requirement.

The mere entry of default, however, does not mandate the entry of a default judgment.  Instead, the Court must find a sufficient basis in the pleadings for judgment to be entered.[9]  Default is not an admission of liability, but it is an admission as to the well-pleaded facts in the complaint, and the defendant may not challenge those facts on appeal.[10]  Once a court determines that default judgment should be entered, the court must then determine the amount and character of the recovery for which a sufficient basis is asserted in the complaint.[11]

In considering any motion for default judgment, the Court must examine (1) its jurisdiction; (2) liability; and (3) damages.[12] "When a default judgment is entered, if all the essential evidence is already in the record, a district court is not required to conduct an evidentiary hearing to determine the amount of damages."[13]

---

[8] *Id.*

[9] *Nishimatsu Constr. Co. Ltd. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975). In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all cases decided by the former Fifth Circuit before October 1, 1981.

[10] *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009).

[11] *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

[12] *See Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004).

[13] *Cross v. Equityexperts.org, LLC*, No. 19-14067, 2021 U.S. App. LEXIS 33623, at *19 (11th Cir. Nov. 12, 2021) (citing *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005)).

ANALYSIS

**A. Copyright Infringement**

    1. <u>Jurisdiction</u>

The Court has federal question jurisdiction over the instant case pursuant to 28 U.S.C. § 1331 because this case arises out of alleged violations of the Copyright Act.

    2. <u>Liability</u>

In its Complaint, Design Mart alleges the following facts, which are considered admitted by Matalucci due to its failure to answer. Design Mart creates copyrighted designs and stencils for gravestones and monuments and offers subscriptions to its "Monument Designer and Catalog" (the "Catalog").[14] The Catalog contains various designs and images authored, copyrighted, and owned by Design Mart.[15] These images are subject to 53 federal copyright registrations, which are attached to the Complaint and Fernandez's affidavit.[16]

In 2009, Design Mart licensed the Catalog to Matalucci pursuant to an End User License Agreement ("EULA").[17] Matalucci is a New Jersey LLC which sells custom grave stones and monuments. Under the EULA, Matalucci was permitted to access and use

---

[14] Plaintiff's Complaint, [Doc. 1] at ¶ 8.
[15] *Id.*
[16] Plaintiff's Complaint, [Doc. 1] at ¶ 15, Exs. 5-6.
[17] *Id.* at ¶ 9.

images as long as their subscription was active.[18] The EULA states, "Users/subscribers/members have no title to the copyrighted intellectual property Design Mart's Online Catalog & Monument Designer. All ownership remains with Design Mart, LLC"; and "Users/subscribers/members may not reverse engineer, copy, decompile, or disassemble Design Mart's Monument Designer & Catalogs. All components and artwork, whether considered in parts or as a whole remain licensed products from Design Mart, LLC. Users/subscribers/members may not reverse engineer, copy, decompile, or disassemble Design Mart's Monument Designer & Catalogs. All components and artwork, whether considered in parts or as a whole remain licensed products from Design Mart, LLC."[19]

In March of 2020, Matalucci notified Design Mart that it wished to cancel its subscription.[20] Design Mart canceled Matalucci's subscription, refunded its March 2020 payment, and revoked its license.[21] Despite canceling its subscription, Matalucci continued to use components of the catalog, including Design Mart's images.[22] Specifically, under the web page entitled "Memorial Designs" on its website, amatalucci.com, Matalucci continued to exhibit and market all 53 of the copyrighted

---

[18] *Id*. at ¶ 9; End User License Agreement [Doc. 1-2].
[19] *Id*. at ¶ 10-11.
[20] *Id*. at ¶ 12.
[21] *Id*.
[22] *Id*. at ¶ 13.

Design Mart Images that form the basis of its Complaint.[23] Matalucci also advised its clients that it could modify the Design Mart Images to suit the client's wishes.[24]

In two letters, Design Mart's counsel warned Matalucci of its past and ongoing infringement of the Catalog and Design Mart Images.[25] Design Mart demanded Matalucci remit payment for one year of the licensing fee for the Catalog and cease any and all further use or distribution of the Catalog and Design Mart Images.[26] Matalucci failed to respond to either of these letters, and Design Mart sued to enforce its intellectual property rights.[27]

To establish copyright infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.[28] Design Mart has pleaded that it owns the Catalog and Design Mart Images; the Copyright Office issued Design Mart 53 separate copyright registrations for images contained within the Catalog; Matalucci copied the constituent elements of the copyrighted images; and the images marketed on Matalucci's website[29] are duplicates of

---

[23] *Id.* at ¶ 13-15; Exs. 4, 7, 8.

[24] Plaintiff's Motion for Default Judgment, [Doc. 15] at p. 3 (citing First Demand Letter, [Doc. 1-7] at p. 4-5).

[25] Plaintiff's Complaint, [Doc. 1] at ¶ 16-17; First Demand Letter, [Doc. 1-7]; Second Demand Letter [Doc. 1-8].

[26] *Id.*

[27] *Id.* at ¶ 17.

[28] *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361 (1991).

[29] Images from Defendant's Website, [Doc. 1-4].

the copyrighted Design Mart Images which form the basis of its Complaint.[30] Thus, taking

the allegations as admitted, Design Mart has established that Matalucci infringed on the

53 copyrighted works identified in the Complaint.

    3. <u>Damages</u>

    "[T]he copyright owner may elect, at any time before final judgment is rendered,

to recover, instead of actual damages and profits, an award of statutory damages for all

infringements involved in the action, with respect to any one work, for which any one

infringer is liable individually, or for which any two or more infringers are liable jointly

and severally, in a sum of not less than $750 or more than $30,000 as the court considers

just."[31]

    "Courts have found statutory damages are appropriate in default judgment cases

because the information needed to prove actual damages is uniquely within the

defaulting infringers' control."[32] The Court has broad discretion in determining an award

of statutory damages between $750.00 and $30,000.00.[33]

    In its Motion, Design Mart requests statutory damages in the amount of $1,000.00

---

[30] Plaintiff's Motion for Default Judgment, [Doc. 15] at p. 6 (citing Plaintiff's Complaint, [Doc. 1], at ¶ 14-15, 25-26; Exs. 4-6; Hernandez Aff. at ¶ 6.).

[31] 17 U.S.C. § 504(c)(1).

[32] *Hawaiiweb, Inc. v. Experience Hawaii, Inc.*, No. 1:16-CV-00405-WSD, 2017 U.S. Dist. LEXIS 11127, 2017 WL 382617, at *7 (N.D. Ga. Jan. 27, 2017) (citation omitted).

[33] 17 U.S.C. § 504(c); *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 852 (11th Cir. 1990) (quoting *Douglas v. Cunningham*, 294 U.S. 207, 210, 55 S. Ct. 365, 79 L. Ed. 862 (1935) ("'The employment of the statutory yardstick, within [these] set limits, is committed solely to the court which hears the case'")).

per violation and states the following in support:

> There is little doubt that Design Mart is entitled to an award of actual damages in a significant amount based on Defendant's egregious conduct. Indeed, given the fact that Defendant continued to utilize the Catalog and Design Mart Images immediately after canceling its subscription and obtaining a refund, then proceeded to ignore multiple demands from counsel to cease and desist, Defendant's conduct easily qualifies as willful and intentional and undertaken for the specific purpose of appropriating and profiting from works it did not create. However, given the posture of this case (*i.e.*, a motion for default judgment) and the fact that there has been no discovery, Design Mart wishes to avoid the expense and time associated with the process of determining its actual damages.
>
> Accordingly, Design Mart respectfully requests that the Court award statutory damages in the amount of $1,000.00 per copyrighted work Defendant has infringed for a total of $53,000.00. This amount is near the bottom of the range of potential damages amounts dictated by the statute ($750.00 - $30,000.00 per act of infringement).[34]

Design Mart's request for statutory damages in the amount of $1,000.00 per violation pursuant to 17 U.S.C. § 504(c) is appropriate in this case. Thus, the Court awards Design Mart statutory damages in the amount of $53,000.00.

## B. Permanent Injunction

Design Mart also seeks a permanent injunction to enjoin Matalucci from further infringing on, using, and publishing any of its images. The Supreme Court has held that a permanent injunction does not automatically issue upon a finding of copyright

---

[34] Plaintiff's Motion for Default Judgment, [Doc. 15] at p. 7-8 (internal citations omitted).

infringement.[35] "Rather, under 'well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief,' and a court's decision to grant or deny such relief is within the exercise of its discretion."[36]

"A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."[37]

Under 17 U.S.C. § 502(a), the Court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." "Past infringement and substantial likelihood of future infringement normally entitle the holder of a copyright to a permanent injunction against the infringer."[38] This Court previously issued a permanent injunction in a case where the defendants persisted in violating the United States Copyright laws even after being warned of the possibility of liability, thus finding the defendants were likely to continue to infringe on the plaintiff's

---

[35] *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 392, 126 S. Ct. 1837, 1840, 164 L. Ed. 2d 641 (2006) ("Like the Patent Act, the Copyright Act provides that courts 'may' grant injunctive relief 'on such terms as it may deem reasonable to prevent or restrain infringement of a copyright.'" (citing 17 U.S.C. § 502(a)).
[36] *Peter Letterese & Assocs. v. World Inst. of Scientology Enters.*, 533 F.3d 1287, 1323 (11th Cir. 2008) (quoting *eBay* at 391).
[37] *Id.*
[38] *Pacific & So. Co., Inc. v. Duncan*, 744 F.2d 1490, 1499 (11th Cir. 1984).

9

copyrights.[39] Likewise, as evidenced by screenshots of Matalucci's website, Matalucci continued to utilize and offer Design Mart's copyrighted images on its website.[40] Matalucci continued to do so even after Design Mart sent two cease and desist letters warning Matalucci of its infringement and the potential liability, thus establishing a likelihood of future infringement.

Due to Matalucci's history of infringement and continued infringement after Design Mart's warning, Design Mart's request for a permanent injunction is **GRANTED.** Matalucci is **PERMANENTLY ENJOINED** from further infringing on, using, and publishing any of Design Mart's images.

### C.  Attorney's Fees and Costs

Design Mart also requests the Court award all costs of this action and reasonable attorney's fees in the amount of $4,500.00. Under the Copyright Act, "the court in its discretion may allow the recovery of full costs [and] a reasonable attorney's fee to the prevailing party as part of the costs."[41]

"Section 505 of the Copyright Act contains only two requirements for awarding attorneys' fees: (1) the fees must be awarded to the prevailing party, and (2) the amount

---

[39] *Broad. Music, Inc. v. Northside Rivarly's*, Case No. 5:13-CV-36 (CAR), 2013 U.S. Dist. LEXIS 92976, at *1, *7-8 (M.D. Ga. Jul. 2, 2013).
[40] *See* Plaintiff's Complaint, Images from Defendant's Website, [Doc.1-4].
[41] 17 U.S.C. § 505.

of fees awarded must be reasonable."[42] In determining the reasonableness of a fee, the

Eleventh Circuit considers the following factors:

> 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal service properly; 4) the preclusion of other employment by the attorney due to the acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation and ability of the attorneys; 10) the "undesireability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases.[43]

A showing of bad faith or frivolity is not a precondition to awarding attorney's fees.[44]

Courts throughout the Eleventh Circuit have routinely awarded attorney's fees and costs

in similar circumstances.[45]

In support of its requests for costs and attorney's fees, Design Mart's attorney John

Autry attached an affidavit to the Motion for Default Judgment.[46] Autry details his

---

[42] *Pronman v. Styles*, 676 F. App'x 846, 849-50 (11th Cir. 2017)

[43] *Id.* (citing *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 853 n.37 (11th Cir. 1990)).

[44] *Id.* at 853.

[45] *E Beats Music v. Andrews*, 433 F. Supp. 2d 1322, 1327 (M.D. Ga. 2006) ("In copyright cases, although attorneys' fees are awarded in the trial court's discretion, they are the rule rather than the exception and should be awarded routinely") (int. quotes omitted); *Broad. Music, Inc. v. Dano's Rest. Sys.*, 902 F. Supp. 224, 227 (M.D. Fla. 1995) (stating that in copyright infringement suits, attorneys' fees "are awarded to a prevailing party as a matter of course"); *Arista Records, Inc. v. Beker Enters.*, 298 F. Supp. 2d 1310, 1316 (S.D. Fla. 2003) (award of costs and attorneys' fees appropriate where defendant ignored plaintiff's pre-suit correspondence and declined to file an answer or otherwise participate in the lawsuit); *Kroll-O'Gara Co. v. First Defense Int'l, Inc.*, Case No. 99 CIV 4899 (SAS), 2000 U.S. Dist. LEXIS 4549, at *1,*3 (S.D.N.Y. 2000) (where defendant is warned of its infringing activities and given ample opportunity to cease and desist prior to commencement of lawsuit, attorney's fees are clearly justified).

[46] Plaintiff's Motion for Default Judgment, [Doc. 15-4].

qualifications and states he charges an hourly rate of $300.00 an hour for complex litigation; he has spent in excess of 15 hours on this matter; and requests $4,500.00 in attorney's fees which he believes is reasonable for local attorneys with similar experience, skill, and training. Design Mart also submitted a bill of costs in the amount of $435.84.[47] The Court finds Design Mart's requested attorney's fees and costs to be reasonable. For a case involving 53 violations of federal copyright laws, 239 pages of affidavits, a 179 page Complaint, and the Motion for Default Judgment currently before the Court, 15 hours of attorney's fees at the rate of $300.00 an hour is undoubtedly reasonable.

## CONCLUSION

Design Mart's Motion for Default Judgment is **GRANTED**. Design Mart is awarded statutory damages in the amount of $53,000 pursuant to 17 U.S.C. § 504(c),[48] $4,500 in attorney's fees, and $435.84 in costs. Matalucci is **PERMANENTLY ENJOINED** from further infringing on, using, and publishing any of Design Mart's images.

**SO ORDERED**, this 16th day of May, 2022.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[47] Plaintiff's Bill of Costs, [Doc. 17].

[48] The Court awards Design Mart's requested $1,000 per infringement for a total of $53,000 in statutory damages.

12